UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS BABB,

        Plaintiff,                       Case No. 2:12-cv-127

v.                                            Honorable R. Allan Edgar

MICHAEL MARTIN et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Bolton, Woods and Beaulieu. The Court will serve the complaint against Defendant Martin.

**Discussion**

    I.        Factual allegations

Plaintiff is incarcerated in the Chippewa Correctional Facility. In his *pro se* complaint, he sues CFA Special Activities Coordinator Michael Martin and the following Chippewa employees: Chaplain James Bolton, Warden Jeffrey Woods and Assistant Resident Unit Supervisor R. Beaulieu. Plaintiff alleges that after interviewing Plaintiff and giving him a written test regarding his request for a kosher diet, Plaintiff received a memorandum from Defendant Bolton on September 26, 2011, stating that Lansing had approved his request for a kosher diet. However, on October 5, 2011, Defendant Bolton called Plaintiff into his office and informed him that he had made an error and that Defendant Martin had, in fact, denied Plaintiff's request for a kosher diet. When Plaintiff asked Bolton why he was being denied a kosher diet, Bolton asked him if he was attending religious services. Plaintiff explained that he tried to attend services, but was being sent back to his unit each time because there were not enough prisoners in attendance to conduct the service. Bolton then opined that Plaintiff was denied a kosher diet based upon his lack of sincerity.

Plaintiff filed a grievance against Defendants Bolton and Martin asserting violations of his First Amendment right and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a) *et seq*. The Step I grievance response prepared by Defendant Beaulieu stated in part:

> Grievant was interviewed and states "I am sincere in my faith." Chaplain Bolton was also interviewed and states, "Prisoner Babb changed his religious preference on 7-13-2011 to the Jewish faith and proceeded to request approval for kosher meals. He completed the written and oral interview on 7-25-2011 and I forwarded the information to Michael Martin in Lansing as is the procedure. Michael Martin denied the request on 9-6-2011 and notified the Warden and myself on 9-26-2011. At that time I miss-read the information and notified the prisoner that he was

> approved. A week later when he hadn't been added to the kosher meal plan I reviewed the information and realized my mistake. I called the prisoner into my office and gave him the correct information, and allowed him to read the memo from Michael Martin. I do not make the decision as to who qualifies and who does not. But I understand that several factors are weighed into the decision, for example: the written materials provided by the prisoner, the oral information that is communicated to the Chaplain, the food items that the prisoner orders from the store, and the prisoner's history of behavior, etc.

(Step I Grievance Response, docket #1-1, Page ID#9.) Defendant Beaulieu found no violation of policy and denied the Step I grievance. Plaintiff filed a Step II grievance appeal, which was denied by Defendant Woods.

Plaintiff seeks injunctive relief, monetary damages of one hundred dollars from each Defendant for each day that he is without a kosher diet, as well as fees and costs.

II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's only allegations against Defendants Beaulieu and Woods is that they denied his Step I and II grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may

not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Beaulieu and Woods engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

With regard to Defendant Bolton, Plaintiff alleges only that Bolton mistakenly informed him that he was approved for the kosher diet when, in fact, his request had been denied by Defendant Martin. At most, Bolton was negligent in conveying incorrect information to Plaintiff. Mere negligence or mistake cannot sustain a cause of action under § 1983. *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 476 (6th Cir. 2008); *Ellis v. Washington Cnty.*, 198 F.3d 225, 227 (6th Cir. 1999). Plaintiff, therefore, fails to state a claim against Defendant Bolton.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to warrant service of his First Amendment and RLUIPA claims against Defendant Martin.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Bolton, Woods and Beaulieu will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Martin.

An Order consistent with this Opinion will be entered.

Dated:     4/19/2012              */s/ R. Allan Edgar*
                                  R. Allan Edgar
                                  United States District Judge